UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MONITA BUSH                                          CIVIL ACTION

VERSUS                                               NO. 07-7253

STATE FARM FIRE AND                                  SECTION: "C" (5)
CASUALTY COMPANY

### ORDER

      This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The parties have submitted a joint motion for remand (Rec. Doc. 5). Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons. Therefore, the motion to remand is **GRANTED**.

      The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with the State Farm. The defendant removed based on diversity. Subsequently, the parties consummated a "binding stipulation" that the amount in controversy does not exceed $75,000.

      The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in

view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

No allegations have been made that the pre-Katrina value of the properties was in excess of either policy limits or that the policy provides for reconstruction cost in excess of the policy limit. Assuming the policy limits represent an accurate value of the insured properties and that the property was a total loss, the defendant has failed to show the existence of the minimum amount in controversy required for diversity jurisdiction at the time of removal. It is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

The Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. Finally, the "binding stipulation" is strong evidence that the amount in controversy on the date of removal was less than the jurisdictional minimum. Thus, the Court finds that the defendant has failed to meet its burden of proof under these circumstances. Accordingly, the motion to remand is **GRANTED** (Rec. Doc. 5).

New Orleans, Louisiana, this 30th day of November, 2007.

                                                        _____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE